# K&L GATES

August 20, 2024

Robert S. Silverblatt
Rob.Silverblatt@klgates.com

T +1 202 778 9132
F +1 202 778 9100

**Via ECF**

The Honorable Jesse M. Furman
United States District Court for the Southern
District of New York
40 Foley Square
New York, NY 10007

**Re:   United States of America *ex rel.* W. Benson Chiles and Chris Manthey v. Cooke Inc. *et al.*, Case No. 1:21-cv-5743 (JMF)**

Dear Judge Furman:

We represent Alpha VesselCo Holdings, Inc., Alpha VesselCo, LLC, Seth Dunlop, Gregory Dunlop, and Montgomery Deihl ("Defendants"). We write to request permission for Defendants to redact certain portions of an attachment to the contemporaneously filed motion to dismiss and to submit those redacted portions under seal.

Defendants filed an identical request related to the same documents in connection with a prior filing. *See* ECF No. 33. The Court entered an order temporarily granting that motion pending further review, which is the same outcome Defendants seek here. *See* ECF No. 44. Prior to filing this motion, Defendants sought from counsel for Relators their position. Relators consent to entry of an order along the lines of ECF No. 44.

The standards for filing documents under seal are set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). In that case, the Second Circuit held that the "common law right of public access" attaches to "judicial documents," which are those documents "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119. In deciding requests such as this one, the Court balances competing considerations against the right of public access. *Id.* at 120. Valid competing considerations exist where the disclosure of confidential information would subject a party to "financial harm" or cause a party "significant competitive disadvantage." *Standard Inv. Chartered, Inc. v. FINRA*, 347 F. App'x 615, 617 (2d Cir. 2009).

Here, good cause exists for granting Defendants' request. In support of the motion to dismiss, Defendants are attaching an October 19, 2017 letter to the Maritime Administration ("MARAD"), along with associated exhibits to that letter. The letter itself has in footnote 1 a request for confidential treatment because it contains "confidential commercial, financial, and proprietary business information." Silverblatt Decl., Ex. C-1 at 1. On that basis, MARAD has concluded that significant portions of the letter and its attachments, including the vast majority of the portions that are the subject of this motion, are exempt from release under the Freedom of Information Act ("FOIA").

Defendants have been judicious in making these requests to seal. There are significant portions of the October 19, 2017 letter and its exhibits, as well as the related July 14, 2017 letter that is attached to the motion without requested redactions, that MARAD has concluded are exempt from release under FOIA but that Defendants are not seeking to seal in these proceedings. Importantly, the October 19, 2017 letter is being filed without any redactions, as are all the exhibits from the letter that are cited in the memorandum in support of the motion to dismiss. Defendants continue to believe that these unredacted portions contain confidential business information, but because they are cited in support of the motion to dismiss, Defendants are filing them unredacted due to the associated public interest, without waiving any contentions that they and similar documents are exempt from release under FOIA.

The only documents Defendants are requesting to seal are the following exhibits to the October 19, 2017 letter:

- Exhibit C-3: Alpha VesselCo Holdings, Inc. – Form of Stockholders Agreement

- Exhibit D – Form of Fish Supply Agreement[1]

- Exhibit E – Form of Warrant

No language from these exhibits is cited in the memorandum in support of the motion to dismiss. As a result, considerations of the public right of access do not militate in favor of public filing of these exhibits. Meanwhile, the exhibits contain competitively sensitive information, including with respect to pricing, and therefore fall within recognized grounds for sealing. *See, e.g.*, *Uni-Systems, LLC v. United States Tennis Ass'n, Inc.*, 17-cv-147 (KAM) (CLP), 2019 WL 3753780, at *5 (E.D.N.Y. Aug. 8, 2019) (granting motion to seal an exhibit containing "pricing information" because that fell within "the scope of trade secrets," thereby providing "sufficient good cause to maintain the confidentiality of the information, outweighing the public's presumptive right of

---

[1] The fact that this Fish Supply Agreement was submitted to MARAD is referenced in the memorandum in support of the motion to dismiss, but the language that is quoted in the memorandum comes from the unredacted October 19, 2017 letter, not from Exhibit D to that letter.

access"); *Seol Viosys Co., Ltd. v. P3 Int'l Corp.*, 16-cv-6276 (AJN), 2018 WL 4759744, at *13 (S.D.N.Y. Sept. 30, 2018) (finding that the presumption that judicial documents warrant public access was outweighed by the threat of harm to plaintiff's competitive standing by disclosure of confidential business information); *Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, 16-cv-3639 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (granting motion to seal document because it "contains sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm").

For the foregoing reasons, Defendants respectfully request that the Court grant their request.[2]

Respectfully submitted,

*Robert Silverblatt*

Robert S. Silverblatt

The motion to seal is granted temporarily. The Court will assess whether to keep the documents at issue sealed or redacted when resolving the underlying dispute. The Clerk of Court is directed to terminate ECF No. 54.

SO ORDERED.

August 23, 2024

---

[2] In the event the Court denies the motion, Defendants request the opportunity to submit a proposal to further narrow the redactions. Finally, Defendants note that certain personally identifiable information is also redacted in the attachments to the motion to dismiss. Pursuant to Section 7A of the Court's procedures, Defendants understand that leave of Court is not required for those redactions.

3