**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
UNITED STATES OF AMERICA, ex rel. et al.,

                                Plaintiffs,

            -against-                                                  21 **CIVIL** 5743 (JMF)

                                               **<u>JUDGMENT</u>**

COOKE INC. et al.,

                              Defendants.
----------------------------------------------------------------X

          It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated January 3, 2025, Defendants' motions to dismiss must be and are GRANTED, and Relators' Amended Complaint is dismissed in its entirety. The only remaining question is whether Relators should be granted leave to amend once again. Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Contending that "Second Circuit law on reverse false claims changed after the Complaint was filed (Miller)," Relators seek leave to amend to add a count under Section 3729(a)(1)(D) of the FCA, which applies to any person who "has possession, custody, or control of property or money used, or to be used, by the Government and knowingly delivers, or causes to be delivered, less than all of that money or property." 31 U.S.C. § 3729(a)(1)(D); see Rels.' Oppn 18. The Court denies Relators' request. For one thing, Relators do not explain how or why the Second Circuit's decision in Miller which construed only the FCA's reverse false claims provision suggests that they should be permitted to bring a new claim under an entirely different provision. That is especially so where, as here, the Court previously granted Relators leave to amend the Complaint

to cure the deficiencies raised in Defendants' first motions to dismiss and expressly warned that

they would "not be given any further opportunity" to do so. See ECF No. 43; see also, e.g.,

Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P., 936 F. Supp. 2d 376, 415 (S.D.N.Y.

2013) (providing that a plaintiff's "failure to fix deficiencies in its previous pleadings is alone

sufficient ground to deny leave to amend sua sponte" (citing cases)). In any event, it is well

established that a district court may deny leave to amend where amendment would be futile. See,

e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). And that is the case here, as any

claim under Section 3729(a)(1)(D) would fail for the same reason as Relators' claims under

Sections 3729(a)(1)(A) and 3729(a)(1)(B) namely, the lack of "property or money" within the

meaning of the FCA. Judgment is entered in Defendants' favor; accordingly, the case is closed.

**Dated:**  New York, New York

January 3, 2025

**TAMMI M. HELLWIG**

_____

**Clerk of Court**

**BY:**  _K. Mango_

_____

**Deputy Clerk**